**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  PHYLLIS CLAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-2017-235-F |
| | ) | |
| 1. OHH MGMT SUPPORT | ) | JURY TRIAL DEMANDED |
| SERVICES, LLC | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| 2. OKLAHOMA HEART | ) | |
| HOSPITAL, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

## PARTIES

1.  The Plaintiff is Phyllis Clay, an adult resident of Oklahoma County, Oklahoma.

2.  The Defendants are OHH MGMT Support Services, LLC ("Servies"), and

Oklahoma Heart Hospital, LLC ("Hospital"), domestic for profit companies doing

business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.  Plaintiff's causes of action are for disability discrimination, including retaliation

for requesting accommodations, in violation of the Americans with Disabilities

Act and the Oklahoma Anti-Discrimination Act, and for interference with

Plaintiff's FMLA rights and retaliation for Plaintiff's exercise and attempted

exercise of her FMLA rights, in violation of the Family Medical Leave Act.

Plaintiff also asserts a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and the Oklahoma Anti-Discrimination Act.

4.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§ 12101 *et seq.,* 29 U.S.C. § 2601 *et. seq*., 29 U.S.C. §626(c), and 28 U.S.C. §§1331. The state law claims arise out of the same core set of facts, and jurisdiction is vested over those claims by 28 U.S.C. § 1367(c). All of the actions complained of occurred in or near Oklahoma County, Oklahoma and the Defendants may be served in that county.

5.     All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## CONDITIONS PRECEDENT

6.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 5, 2016.  This charge was EEOC charge number 564-2017-00314.

7.     Plaintiff was issued a notice of right to sue dated December 5, 2016, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

8.     The Plaintiff has exhausted her administrative remedies under federal and state law.

## STATEMENT OF FACTS

9.     Plaintiff worked for the Defendants as a Pre-Certification and Verification

Coordinator beginning around March 2008.

10. Plaintiff was qualified for her job position and performed her job duties satisfactorily.

11. At the time of her termination, Plaintiff was over the age of forty (40).

12. Plaintiff suffers from a disability as defined by the ADAAA in that she suffers Lupus. Lupus is an autoimmune disease condition which affects the major bodily function of the immune system. Lupus, in its active form and without remedial measures, affects the immune system and its function by causing it to attack healthy tissue, thus significantly impairing this major bodily function in comparison with the average population.

13. Heipero Bradley became Plaintiff's supervisor around October 2014.

14. Shortly after becoming Plaintiff's new supervisor, Ms. Bradley began to harass Plaintiff each time she was required to take intermittent FMLA leave.

15. On or about May 1, 2015 Plaintiff complained to Ms. Bradley about the manner in which she was being treated. Specifically, Plaintiff told Ms. Bradley that she felt as though she was being treated differently and as though she was not welcome after returning from FMLA leave.

16. During Plaintiff's employment, Plaintiff was also subjected to differential and discriminatory treatment due to her age. Examples of such conduct include, but are not limited to the following:

A.   On more than one occasion, Ms. Bradley made age related statements to the Plaintiff including calling Plaintiff "grandma".

B.   On one occasion, Plaintiff confronted Bradley about why Bradley treated some employees better than her and chose to socialize with employees other than the Plaintiff, Bradley's response included the statement "we're a lot younger than you".

C.   On more than one occasion, Bradley would refuse to provide answers or clarification to the Plaintiff  in a manner that would allow her to perform her job duties.

D.   The younger employees were allowed to leave or take time off work without any issues being raised by Bradley.

17.   Such conduct was objectively offensive and it personally offended the Plaintiff. Such conduct made the workplace abusive and hostile in that it caused the Plaintiff to be uncomfortable, nervous, and anxious coming into work each day.

18.   On or about November 2, 2015, Plaintiff complained to Charla James (Business Office Director) regarding the manner in which she was being treated by Ms. Bradley. Specifically, Plaintiff complained of not being treated fairly and how Bradley always made a big issue about Plaintiff taking time off for intermittent leave.

19.   During the meeting on November 2, 2015, Ms. James brought up the issue of age

and how Ms. Bradley was much younger than the Plaintiff.

20.  Despite Plaintiff's complaints, no corrective action was taken and Ms. Bradley's behavior continued.

21.  Plaintiff continued to complain to Ms. Bradley and Ms. James about the manner in which she was being treated until the end of her employment.

22.  On or about October 3, 2016, Plaintiff requested time off work for October 18, 2016.

23.  On or about October 17, 2016, Ms. Bradley interrogated the Plaintiff as to the reason for her time off request and Plaintiff's use or need for FMLA leave. Due to Ms. Bradley's hostile behavior in this meeting that escalated to yelling at the Plaintiff, the Plaintiff respectfully excused herself from the meeting and returned to her desk.

24.  Ms. Bradley followed Plaintiff out of her office and continued to yell and harass the Plaintiff in front of all of her co-workers.

25.  Plaintiff advised Ms. Bradley that she did not feel comfortable speaking with her at that time due to her hostility and aggression. Despite Plaintiff's request to end the conversation until Ms. Bradleys emotions had calmed or another witness could be present, Ms. Bradley persisted.

26.  On or about October 19, 2016, Plaintiff was terminated by Ms. James and Carrie Mason, Human Resources, for insubordination.

27. After Plaintiff's termination, she received medical treatment related to her disability. Had the Plaintiff not been terminated she would have been entitled to FMLA leave for such medical treatment. However, the wrongful termination deprived Plaintiff from being able to access her protected FMLA leave, which by itself is an interference with the FMLA.

28. As a direct result of Defendant's harassing and retaliatory conduct, the Plaintiffs have suffered, and continue to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including stress, anxiety, frustration, and similar unpleasant emotions.

29. At the least, motivating factors in the decision to terminate the Plaintiff include her disability, requests for accommodation, exercises and/or attempted exercise of her FMLA rights and her age.

**COUNT I**
**Discrimination Based Upon Disability in Violation of the American's with**
**Disabilities Act 42 U.S.C. §12101 *et seq.***

30. Plaintiff reasserts and incorporates the paragraphs set forth above as if fully restated herein.

31. Each Defendant is an "employer" under the Americans with Disabilities Act and employs more than fifteen (15) employees.

32. At all times relevant hereto, Plaintiff was a qualified individual as defined by 42 U.S.C. §12111(8).

6

33. As a result of the limitations set out in Para. 12, above, Plaintiff suffers from a disability as defined by the ADA Amendments Act (ADAAA), 42 U.S.C. § 12102(1)(A), (2)(B), in that she suffers from a condition which materially impairs major life activities and bodily functions, and/or is regarded as having such impairment, as defined by 42 U.S.C. § 12102(1)(C), (3).

34. At the least, the Defendants perceived the Plaintiff as being disabled as shown by Defendants' hostility toward the Plaintiff after she disclosed her medical condition to Ms. Bradley.

35. Defendant's willful and malicious misconduct as described above, in discriminating against Plaintiff based upon her disability is in clear violation of the American's with Disabilities Act, as amended by the American's with Disabilities Act Amendments Act of 2008.

36. Plaintiff's disability was a motivating factor in Defendants' adverse employment-related actions described above, including without limitation, discriminating against Plaintiff and ultimately terminating Plaintiff. Defendants violated Plaintiff's civil rights by taking such adverse actions.

37. As a result of Defendants' illegal conduct, Plaintiff has suffered losses, injury, and damages, as set forth above.

38. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under the ADA, including, without limitation: back pay, front

pay, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

39.    Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. §12205, to recover attorney fees and costs incurred in pursuing this claim.

**COUNT II**
**Retaliation and Interference with Plaintiff's rights in Violation of The Family Medical Leave Act, 29 U.S.C. § 2615**

40.    Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

41.    Defendant is a company having more than fifty (50) employees who worked within seventy five (75) road miles of the same facility where Plaintiff was employed and is covered by the FMLA.

42.    Prior to her termination the Plaintiff had worked more than twelve hundred and fifty (1250) hours during the past twelve months for the Defendant and had not taken twelve (12) weeks of FMLA leave. Accordingly, Plaintiff was, at all relevant times, an employee eligible to take FMLA leave.

43.    Retaliation against the Plaintiff for Plaintiff's exercise of her rights under the FMLA and interference with Plaintiff's utilization of FMLA leave are in violation of 29 U.S.C. § 2615

44.    Defendants' actions were willful as defined by the FMLA.

45.    As a result of such interference and/or retaliation, Plaintiff is entitled to actual and equitable damages including lost wages (past, present and future and for the value

of benefits associated with such earnings), pre-judgment interest, attorneys' fees and costs.

46.     Because the actions of the Defendants were not taken in good faith, Plaintiff is entitled to an award of liquidated damages.

## COUNT III
## Violations of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*

47.     Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

48.     The acts and omissions as described above are in violation of the ADEA.

49.     Plaintiff believes that her age was a motivating factor in the multiple instances in which she was treated differently than her younger co-workers by Ms. Bradley.

50.      As a result of Defendant's illegal conduct in violation of the ADEA, Plaintiff has suffered losses, injury, and damages, as set forth above.

51.     Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under the ADEA, including, without limitation: back pay, front pay, and liquidated damages, as well as appropriate declaratory and injunctive relief.

52.      Plaintiff is also entitled, under 29 U.S.C. §626 to recover attorney fees and costs incurred in pursuing this claim.

**COUNT IV**
**Discrimination Based on Handicap/Disability in Violation of The Oklahoma Anti-Discrimination Act , 25 O.S. §1101 *et. seq.***

53.     Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

54.     The Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq.* sets forth a clear and unequivocal public policy regarding discrimination in employment in Oklahoma.

55.     The conduct complained of by the Plaintiff and perpetrated by the Defendants are a direct violation of the OADA which prohibits discrimination based upon disability.

56.     The State of Oklahoma provides a remedy for those wrongfully discharged in violation of public policy, in the instant case—for discriminatory reasons. Plaintiffs are allowed to recover damages for violations of 25 O.S. §1302 through Oklahoma's recently enacted cause-of-action provision contained in 25 O.S. §1350.

57.     As a result of Defendants' discriminatory and retaliatory actions against Plaintiff, she has suffered the losses and damages described above.

58.     As such, Plaintiff is entitled to recover from Defendant all backpay and liquidated damages, pursuant to 25 O.S. §1350.

**PRAYER**

**WHEREFORE**, it is respectfully prayed that this Court grants Plaintiff the following relief:

a.      Back pay, in amounts to be determined at trial;

b.      Liquidated damages;

c.      Compensatory damages;

d.      Punitive Damages;

e.      Injunctive and/or declaratory relief;

f.      Pre-judgment and post-judgment interest and the highest lawful rate;

g.      Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

h.      That Defendants be enjoined and restrained from engaging in further discriminatory conduct; and

i.      Any such further relief as justice allows.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal Law.

**RESPECTFULLY SUBMITTED THIS 1st DAY OF MARCH, 2017.**

/s/ Christine C. Vizcaino
Christine C. Vizcaino, OBA # 30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
(405) 414-2222
(405) 607-4358 (facsimile)
christine@mazaherilaw.com
*Attorney for Plaintiff*

***Attorney's Lien Claimed***

11